UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**Barbara E. Curry,**
Plaintiff,

v.

Civil Action No. 4:25-cv-04483

**Goldman Sachs Bank USA,**
Defendant.

United States Courts
Southern District of Texas
**F I L E D**

**FEB 2 4 2026**

Nathan Ochsner, Clerk of Court

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Barbara E. Curry ("Plaintiff"), proceeding pro se, files this First Amended Complaint against Defendant Goldman Sachs Bank USA ("Defendant" or "Goldman Sachs") and alleges as follows:

## I. PARTIES

1. Plaintiff Barbara E. Curry is a resident of Houston, Harris County, Texas.
2. Defendant Goldman Sachs Bank USA is a national banking institution doing business in Texas, including issuing consumer credit accounts and processing electronic payments.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1332 because this action arises under federal law including the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq., and the amount in controversy exceeds $75,000.
4. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District and the acts complained of occurred in this District.

## III. FACTUAL BACKGROUND

5. Plaintiff did not apply for or authorize multiple credit accounts, replacement cards, virtual cards, or digital cards issued in her name by Defendant.
6. Despite Plaintiff's lack of authorization, Defendant opened and maintained credit accounts in Plaintiff's name and issued multiple card numbers without Plaintiff's consent.
7. Fraudulent transactions were conducted on these accounts, including unauthorized charges and electronic transfers.

8. Plaintiff promptly notified Defendant of identity theft and disputed the fraudulent activity.
9. Defendant failed to conduct a reasonable investigation and failed to timely correct or remove the fraudulent accounts and transactions.
10. Defendant's failures caused Plaintiff significant financial harm, damage to her credit profile, emotional distress, loss of time, and forced Plaintiff to pursue this matter through litigation.
11. Defendant continued reporting inaccurate information to consumer reporting agencies after receiving notice of identity theft.
12. Defendant failed to implement reasonable safeguards to protect Plaintiff's personal and financial information.
13. As a direct result of Defendant's conduct, Plaintiff suffered actual damages including credit impairment, stress, anxiety, lost opportunities, and substantial time spent attempting to resolve Defendant's errors.

## IV. CAUSES OF ACTION

### Count 1 – Fair Credit Reporting Act (15 U.S.C. §1681)

14. Plaintiff incorporates all prior paragraphs.
15. Defendant furnished inaccurate credit information and failed to reasonably investigate Plaintiff's disputes.
16. Defendant violated 15 U.S.C. §1681s-2 by continuing to report inaccurate information after receiving notice of identity theft.
17. Defendant's violations were negligent and willful.

### Count 2 – Truth in Lending Act (15 U.S.C. §1601 et seq.)

18. Plaintiff incorporates all prior paragraphs.
19. Defendant imposed liability on Plaintiff for unauthorized transactions in violation of TILA.
20. Defendant failed to properly credit Plaintiff's account and failed to resolve billing errors.

### Count 3 – Identity Theft

21. Plaintiff incorporates all prior paragraphs.
22. Defendant allowed accounts and transactions to occur without Plaintiff's authorization and failed to adequately respond after notification of identity theft.

### Count 4 – Negligence

23. Plaintiff incorporates all prior paragraphs.
24. Defendant owed Plaintiff a duty to safeguard her personal information and to properly investigate fraud.
25. Defendant breached that duty.
26. Defendant's breach directly caused Plaintiff's damages.

### Count 5 – Breach of Duty / Failure to Safeguard Data

27. Defendant failed to maintain reasonable security procedures to protect Plaintiff's personal and financial data.
28. Defendant's failures enabled identity theft and fraud.

### Count 6 – Emotional Distress

29. Defendant's conduct caused Plaintiff severe emotional distress, anxiety, and mental anguish.
30. Defendant knew or should have known its actions would cause such harm.

## V. DAMAGES

31. Plaintiff has suffered:

- Actual financial losses
- Credit damage
- Emotional distress
- Loss of time and productivity
- Litigation expenses

32. Defendant's conduct was reckless and willful, justifying punitive damages.
33. Plaintiff seeks damages in excess of $250,000, including actual, statutory, emotional distress, punitive damages, and costs.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award damages in excess of $250,000;

C. Award statutory damages under FCRA and TILA;

D. Award punitive damages;

E. Order Defendant to correct all inaccurate credit reporting;

F. Award costs of court and any other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Barbara E. Curry*
Barbara E. Curry
Plaintiff, Pro Se
February 24, 2026
550 Kenwood Lane
Houston, Texas 77013
713 451-6317
bcurry4480@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, a true and correct copy of Plaintiff's First Amended Complaint was served upon counsel for Defendant **Goldman Sachs Bank USA** by U.S. Certified Mail and/or electronic mail.

*Barbara E. Curry*
Barbara E. Curry
Plaintiff, Pro Se
February 17, 2026
550 Kenwood Lane
Houston, Texas 77013
713 451-6317
bcurry4480@sbcglobal.net